VAN BRUNT, P. J., RUMSEY, INGRAHAM and HATCH, JJ., concurred.

Judgment reversed and judgment ordered for plaintiff, with costs.

CHARLES M. COHNFELD, Appellant, *v.* LEON TANENBAUM, Respondent.

*Bank account — mingling of funds of an infant and of a corporation — presumption that the withdrawals were in the same order as the deposits — notice to one receiving a check drawn by one as "guardian."*

Where the general guardian of an infant, who is also the manager of a corporation, deposits money belonging to the infant and money of the corporation in a bank account standing in the name of "Isidor Cohnfeld, Guardian," the moneys so deposited will be presumed to have been withdrawn in the same order in which they were deposited.

A creditor of the corporation who accepts in payment of his debt a check drawn on such account signed "Isidor Cohnfeld, Guardian," is only chargeable with notice of the facts which would appear upon an application of the above rule.

APPEAL by the plaintiff, Charles M. Cohnfeld, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of November, 1900, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint.

*Geo. W. Weiffenbach*, for the appellant.

*Sol. M. Stroock*, for the respondent.

PATTERSON, J.:

The plaintiff sought by this action to follow into the hands of, and to reclaim from, the defendant, certain moneys which, it is alleged,

were trust funds received by the defendant under such circumstances as charged him with knowledge of the asserted true character and real ownership thereof. The complaint was dismissed on the merits, and from the judgment entered upon such dismissal the plaintiff appeals.

The defendant was the landlord of certain premises in New York city which were leased to the Cohnfeld Manufacturing and Trading Company, a corporation. One Isidor Cohnfeld was the manager of that corporation, and in each of the months of August, September and December, 1893, he delivered to the defendant a bank check in payment of rent accrued and due in each of those months respectively, which checks were signed "Isidor Cohnfeld, Guardian," and were drawn upon the New York Security and Trust Company, in which institution Isidor Cohnfeld kept an account in his name as guardian. He had been appointed by the Surrogate's Court in the county of New York (in January, 1885) general guardian of his four children, namely, the plaintiff and three others, the claimed rights of such three others asserted in this action being transferred to the plaintiff by assignment. On or about March 12, 1892, the date at which Isidor Cohnfeld opened the account with the trust company, there was entered on the books of that company a memorandum of his appointment as guardian for his four children. On January 1, 1886, he had in his possession moneys of the guardianship amounting to $10,355.79. There is nothing in the record to show the condition of the wards' moneys in the guardian's hands between 1886 and 1892, except that no account was made of such guardianship after August 10, 1886. On the opening of the account of "Isidor Cohnfeld, Guardian," with the New York Security and Trust Company a deposit was made (the first item of the account) of $12,000 which must be assumed to be of money belonging to Cohnfeld's wards. Prior to 1893, and until after the last of the three checks above mentioned was given to the defendant, Isidor Cohnfeld was the manager and in absolute control of the "Cohnfeld Manufacturing and Trading Company," a New Jersey corporation, and he was not engaged in any other business in his own name or otherwise. From some unstated time prior to 1893, Cohnfeld made deposits to the credit of the account of "Isidor Cohnfeld, Guardian," of moneys belonging to the Cohnfeld Manufacturing and

Trading Company, and he drew checks upon that account and delivered them to various persons and firms to whom the Cohnfeld Manufacturing and Trading Company was indebted. It is thus made to appear that in this one account of "Isidor Cohnfeld, Guardian," there were deposited moneys belonging to the guardianship and moneys belonging to the trading company, and there is nothing to indicate that any individual money of Isidor Cohnfeld entered into the account.

The theory upon which trust money may be followed into the hands of a third party, with knowledge or chargeable with notice, is well understood. It can be followed so long as it can be identified. Equity will follow a fund through any number of transmutations and preserve it for the owner *so long as it can be identified.* (*National Bank* v. *Insurance Company*, 104 U. S. 54.) Courts of equity have laid down certain rules to aid in the identification of trust money where it has been mingled in one account with other funds. Thus, where a trustee deposits trust money in his own bank and mingles it with his own funds and draws for his own purposes upon the mixed fund a court of equity will assume that the checks drawn for his own individual purposes are drawn upon his own moneys; or, to state the rule in the words of the Court of Appeals: "When money held by a person in a fiduciary capacity has been paid or deposited by him in his general account at a bank, the party for whom the money is held can follow it and has a charge on the balance in the banker's hands; and if a person holding money in a fiduciary capacity pays it to his account at his bankers and mixes it with his own money and afterwards draws out some by checks generally and in the ordinary manner, the drawer of the checks must be taken to have drawn out his own in preference to the trust money." (*Importers & Traders' Nat. Bank* v. *Peters*, 123 N. Y. 278.) But here there are no individual moneys of the trustee involved.

The evidence in the case now before us shows that the account standing in the name of "Isidor Cohnfeld, Guardian," was one made up of deposits of funds of two distinct parties, and that Cohnfeld acting in a fiduciary capacity for both mingled their moneys. The Cohnfeld Manufacturing and Trading Company would have the right to follow its moneys into this account, and to reclaim them,

if they could be identified, and the checks given by Isidor Cohnfeld to the defendant were appropriations of so much of the moneys of the trading company on deposit and credited in the guardianship account as were represented by the amount of such checks.

The question then is, what is the proper rule to be applied in following into a bank account trust moneys of different *cestuis que trustent*, or parties, and in which no one is interested or claims ownership but such parties. We conceive the rule in such a case to be that laid down by the master of the rolls in *Clayton's* case (*Devaynes* v. *Noble*, 1 Mer. 572). That was a case of a banking account where all the sums paid in remained one blended fund. Sir WILLIAM GRANT, in his opinion, says : " In such a case there is no room for any other appropriation than that which arises from the order in which the receipts and payments take place and are carried into the account. Presumably, it is the sum first paid in that is first drawn out. It is the first item on the debit side of the account that is discharged or reduced by the first item on the credit side. The appropriation is made by the very act of setting the two items against each other. Upon that principle all accounts current are settled, and particularly cash accounts." In *Knatchbull* v. *Hallett* (*In re Hallett's Estate*) (L. R. [13 Ch. Div.] 696) it was held by FRY, J., that as between two *cestuis que trustent* whose money the trustee has paid into his own account at his banker's, the rule in *Clayton's* case applied, so that the first sum paid in would be held to have been the first drawn out. And in *Hancock* v. *Smith* (L. R. [41 Ch. Div.] 458) it was held that as between *cestuis que trustent* the rule in *Clayton's* case was applicable.

It is immaterial that in this case the account was opened and continued in Cohnfeld's name as guardian. We have a mixed fund to deal with in which moneys of different parties were mingled by one occupying a fiduciary relation to both parties, and the rights of those parties are to be settled upon equitable principles.

It is conceded that the defendant by accepting checks signed " Isidor Cohnfeld, Guardian," was put upon inquiry, but he was chargeable only with notice of such facts as would have appeared upon investigation. (*First Nat. Bank* v. *Nat. Broadway Bank*, 156 N. Y. 459.) Had the defendant made such investigation and

examined the account of " Isidor Cohnfeld, Guardian," with the New York Security and Trust Company, he would have found by applying to the account the rule above indicated that every dollar of the money that could be claimed to belong to the guardianship was drawn out before he received the checks given in payment of the rent due him by the Cohnfeld Manufacturing and Trading Company. An inspection of the account with the trust company shows that it was overdrawn in March, 1893. There is nothing whatever in the evidence to indicate that a dollar of the guardianship money was deposited in the account after March, 1893, and there can be no presumption that the deposits made after that date were of moneys of the infants. It would be just as fair to presume that such deposits were of moneys of the trading company. Therefore, it follows that the plaintiff has failed to identify the money drawn out by the checks received by the defendant as money of the guardianship, to which the plaintiff and his brother and sisters were entitled.

In this view of the case we are of opinion that the judgment dismissing the complaint on the merits was right and that the judgment should be affirmed, with costs.

VAN BRUNT, P. J.; RUMSEY, INGRAHAM and HATCH, JJ., concurred.

Judgment affirmed, with costs.